IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900

**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7106
DGindler@irell.com

May 22, 2014

**<u>VIA ECF</u>**

The Honorable Katherine B. Forrest
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re:  *Regeneron Pharmaceuticals, Inc. v. Merus B.V.*, Case No. 14-CV-1650-KBF (JCF);
>
> *Regeneron Pharmaceuticals, Inc. v. Ablexis LLC*, Case No. 14-CV-1651-KBF (JCF)

Dear Judge Forrest:

Plaintiff Regeneron Pharmaceuticals, Inc. ("Regeneron") submits this letter to resolve a discovery dispute as to when Defendants must disclose their contentions on infringement-related issues in the above-referenced related cases, particularly Defendants' bases for contending that they do not infringe the patent-in-suit. Regeneron flagged this as an issue of significant importance in the Rule 26 report submitted to the Court and during the Initial Pre-Trial Conference on May 5. The Court suggested that this issue should be dealt with via letter brief after Regeneron served its initial infringement contentions on May 19, 2014, which has now occurred.[1]

**Regeneron respectfully requests that the Court order Defendants to serve complete, substantive responses to Regeneron's contention interrogatories on**

---

[1] Regeneron's initial infringement contentions to each Defendant, which totaled 55 substantive pages, are attached as Exhibits A and B hereto. The relevant excerpts of Regeneron's First Set of Interrogatories to each Defendant are attached hereto as Exhibits C and D, and the relevant excerpts of Defendants' Responses are attached hereto as Exhibits E and F. The contention interrogatories relating to non-infringement issues are Interrogatory Nos. 8-10. Regeneron served these contention interrogatories following the parties' Rule 26(f) conference during which Regeneron understood that the parties agreed that the timing limitations of L.R. 33.3 would not apply to these cases. While Regeneron understands that Defendants deny that any binding agreement was reached at that time, the primary issue here is the logic behind Regeneron's position that fleshing out contentions early in fast-paced patent cases such as these improves the efficiency and fairness of the discovery and claim construction process. As such, it does not matter to Regeneron whether non-infringement contentions are provided via responses to Interrogatory Nos. 8-10 or via a responsive contention pleading (in lieu of those responses) that is the mirror image of Regeneron's infringement contentions. Regeneron simply believes that it is important that the Defendants provide a forthright disclosure of their positions so the cases can progress.

3046091

I RELL & M ANELLA LLP
A REGISTERED  LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

The Honorable Katherine B. Forrest
May 22, 2014
Page 2

**infringement issues no later than June 16, 2014, which is four weeks after service of
Regeneron's initial infringement contentions, nine weeks after Regeneron asked the
Defendants to respond to non-infringement contention interrogatories, and 13 weeks
after the initiation of this lawsuit.  The Court should reject Defendants' proposal to
serve their responses two weeks after the Court's ruling on claim construction, which
would likely be sometime in October and mere weeks before the November 5, 2014 fact
discovery cut-off.**

I.    **Disclosure Of Defendants' Contentions Until Just Before The Close Of Fact
      Discovery Creates Waste And Inefficiency**

Defendants' proposal to serve their non-infringement contentions two weeks after
the Court's claim construction ruling would mean that in the most optimistic of scenarios
(given that the claim construction hearing is scheduled for September 12, 2014), Regeneron
would receive Defendants' contentions sometime in mid-October, less than 30 days before
the close of fact discovery. Dkt. No. 37 at 39. This timing is unworkable ***by at least
Ablexis's own admission***: "Ablexis believes that the date provided by Local Rule 33.3 for
the service of contentions, 30 days before the close of fact discovery, in this case is not
optimal and is more likely than not to waste the resources of the parties and, potentially the
Court if there are disputes about the adequacy of response." *Id.* As Ablexis admits,
Regeneron would have little if any time to focus its discovery efforts with the information
disclosed so close to the end of discovery. Indeed, Defendants' proposal fails to make the
best use of the fact discovery period and creates an unnecessary and inefficient fire drill at
the very end of that period.

The Federal Circuit encourages the use of early contention interrogatories to prevent
the waste and inefficiency even Ablexis recognizes would result if the Court were to
implement Defendants' proposal. *Woods v. DeAngelo Marine Exhaust, Inc*., 692 F.3d 1272,
1280 (Fed. Cir. 2012) (holding that "[c]ontention interrogatories . . . serve an important
purpose in helping to discover facts supporting the theories of the parties," and that
"[a]nswers to contention interrogatories also serve to narrow and sharpen the issues thereby
confining discovery and simplifying trial preparation"). This Court also recognizes that in
some cases, early contention interrogatories "are a more practical method of obtaining the
information sought than a request for production or a deposition." L.R. 33.3(b). This is such
a case.

Disclosure of Defendants' contentions on infringement-related issues at the front-end
of discovery will make the remainder of discovery more efficient. It will allow Regeneron to
understand Defendants' contentions before conducting the bulk of fact depositions, thereby
allowing Regeneron to identify the right people for deposition and to focus those depositions
on issues that matter (and, moreover, avoid the prospect of seeking to re-depose witnesses at
the eleventh-hour once Defendants have provided their contentions). The responses will also
serve to minimize expense by focusing document review and eliminating the pursuit of

3046091

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

The Honorable Katherine B. Forrest
May 22, 2014
Page 3

issues that are irrelevant to resolution of infringement disputes in this case. *See Cornell Research Found., Inc. v. Hewlett Packard Co.*, 223 F.R.D. 55, 67 (N.D.N.Y. 2003) (granting patentee's motion to compel responses to early contention interrogatories served on accused infringer because "fundamental fairness dictates, at a minimum, that HP be required to flesh out the contentions associated with [its] affirmative defense in sufficient detail to allow CRF to conduct meaningful discovery concerning it").

## II.   Disclosure Of Defendants' Contentions Now Will Improve Claim Construction

Adopting Regeneron's proposal will assist the Court to conduct an effective claim construction proceeding. One of the reasons that infringement-related contentions are ordinarily disclosed at an early stage in patent cases, well before the parties make their claim construction disclosures, is because it puts the parties on equal footing: the Defendant knows what claims the Plaintiff contends are infringed and why, and so the Plaintiff should know what claims the Defendant contends are not infringed and why.[2] The parties can then focus claim construction on what actually matters. That is why courts in the Northern District of California, a district with patent local rules very similar to this Court's, regularly order defendants to disclose their non-infringement contentions shortly after receiving plaintiff's preliminary infringement contentions *and before claim construction*—the same relief Regeneron requests here. *E.g.*, *Townshend Intellectual Prop., L.L.C. v. Broadcom Corp.*, 2007 WL 2462152, at *3 (N.D. Cal. Aug. 29, 2007) (ordering defendant to serve responses to non-infringement contention interrogatory within 20 days of receiving preliminary infringement contentions); *ASUS Computer Int'l v. Round Rock Research, LLC*, 2013 WL 6113253, at *2 (N.D. Cal. Nov. 20, 2013) (ordering parties to "mutually exchange infringement and non-infringement contentions"); *Halo Elecs., Inc. v. Bel Fuse Inc.*, 2010 WL 4586380, at *4 (N.D. Cal. Nov. 4, 2010) (ordering non-infringement contentions in response to interrogatory and denying defendant's request to wait until after claim construction).

Here, Defendants argue that responses to contention interrogatories should be served after claim construction because "[u]ntil that time, the parties will have alternative views as to what the proper scope of the claims are and, accordingly, would have to response [*sic*] to such interrogatories in the alternative." Case No. 14-CV-1650, Dkt. No. 37 at 39.[3] This

---

[2] Defendants' refusal to provide their non-infringement contentions appears to be part of an unfortunate pattern of obstruction. Regeneron was able to determine, based on public information, that Defendants infringe many claims in the '018 Patent (as set forth in its initial infringement contentions). But until Defendants provide their proprietary design information, Regeneron cannot identify *all* claims that Defendants infringe. Defendants have refused to provide any information concerning their proprietary design information until depositions scheduled for June 4 (Ablexis) and sometime during the week of June 9 (Merus). In contrast, Regeneron has already begun to produce its design information for its VelocImmune mouse.

[3] Defendants' cases cited in the 26(f) report are inapposite. *Trilegiant*, a contract case, was a fact-specific ruling based on the court's finding that "document requests ... are a decidedly more practical method of obtaining the information they seek," which as explained above is not the case here. *Trilegiant Corp. v. Sitel*

3046091

I R E L L & M A N E L L A  LLP
A REGISTERED  LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

The Honorable Katherine B. Forrest
May 22, 2014
Page 4

argument proves too much. Infringement and non-infringement contentions, just like invalidity and validity contentions, require the parties to make assumptions on how the claims ultimately will be construed by the Court. Defendants' argument would demand a case management regime in which no infringement or validity positions are disclosed until after claim construction, the antithesis of the Federal Circuit's views on contention interrogatories, and an argument that is consistently rejected by courts which hear a large number of patent cases. *See Halo*, 2010 WL 4586380, at *4. Defendants propose an unfair, one-sided process in which, before the parties make their claim construction disclosures, Defendants are able to depose Regeneron's witnesses knowing Regeneron's infringement contentions, whereas Regeneron in this same time period is left blind to Defendants' ***non-infringement*** contentions. That asymmetry undermines the integrity and completeness of the claim construction process because it prevents Regeneron and the Court from knowing all of the claim terms that are relevant to resolving the infringement disputes in this case. In short, neither Regeneron nor the Court should be required to proceed through discovery and claim construction in the dark.

Respectfully submitted,

*/s/ David I. Gindler*

David I. Gindler

---

*Corp.*, 272 F.R.D. 360, 367 (S.D.N.Y. 2010). *Nimkoff*, a civil rights case, rejected defendants' argument that plaintiff's contention interrogatories were improper and ordered defendants to respond to them "within two weeks of the date of this order," which was issued on October 5, 2009, several months before even summary judgment was filed in May 2010. *Nimkoff v. Dollhausen*, 262 F.R.D. 191, 195 (E.D.N.Y 2009); Case No. CV08-2856 (ADS) (WDW) Dkt. Nos. 67, 102. The only patent case Defendants cited, *Hypoxico*, does not squarely address L.R. 33.3 and is devoid of any analysis whatsoever about the merits of early contention interrogatories in patent cases, particularly ones tracking this Court's fast schedule. *Hypoxico, Inc. v. Colo. Altitude Training, LLC*, 2008 WL 4129269, at *18 (S.D.N.Y. Sep. 4, 2008).

3046091